# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| Shawn Tompkins (R-45728), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15 C 50206 |
| v. ) | |
| ) | Judge Frederick J. Kapala |
| ) | |
| Whiteside County Jail, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff has paid the $400.00 filing fee. On its own motion, the Court dismisses Defendants Whiteside County Jail and Tim Erickson. The Court orders the Clerk of Court to: (1) file Plaintiff's complaint [1]; (2) issue summons for service on Nurse Julie and Sheriff Willhelme; and (3) send Plaintiff two blank USM-285 service forms, a magistrate judge consent form, filing instructions, and a copy of this order. The Court advises Plaintiff that a completed USM-285 (service) form is required for each named Defendant. The U.S. Marshal will not attempt service on a Defendant unless and until the required forms are received. The U.S. Marshal is appointed to serve the Defendants.

## STATEMENT

Plaintiff Shawn Tompkins, a prisoner currently incarcerated at Danville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant John Doe Doctor, Nurse Julie, Whiteside County Jail, Sheriff Kelly Willhelme, and Chief Tim Erickson. Plaintiff alleges that upon his arrival at Whiteside County Jail in February 2014, the John Doe Doctor refused to prescribe him medication for depression/anxiety and high blood pressure, despite that he had been taking such medication before his incarceration. He also alleges that the unnamed Doctor prescribed him medication for stomach ulcers, when he did not in actuality suffer from ulcers, and that Plaintiff unknowingly took the medication. Plaintiff alleges that for a three-month period, he suffered from "pneumonia-like symptoms" such as chills, high-blood pressure, shaking, chest pain, nausea, blurred vision, slurred speech, and migraines. He alleges that the Doctor and Nurse Julie ignored his complaints of these symptoms and failed to treat them. Currently before the Court is Plaintiff's complaint for initial review.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states colorable federal claims against Defendant Nurse Julie and the John Doe Doctor. "Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Plaintiff's allegations that the unnamed Doctor and Nurse Julie failed to provide him certain medications and ignored his complaints of "pneumonia-like" symptoms plead deliberate indifference to a serious medical condition. Prison officials may exhibit deliberate indifference to a known serious condition through inaction, *Gayton v. McCoy*, 593 F.3d 610, 623-24 (7th Cir. 2010), or by delaying necessary treatment and thus aggravating an injury or needlessly prolonging an inmate's pain, *Gomez v. Randle*, 680 F.3d 859, 865-66 (7th Cir. 2012). And a health care worker's or prison official's failure to provide prescription medication over a prisoner's requests can constitute deliberate indifference. *See, e.g.*, *Walker v. Benjamin,* 293 F.3d 1030, 1040 (7th Cir. 2002) (allegation that nurse failed to give prisoner "his prescribed pain medication" could establish a constitutional claim); *Ralston v. McGovern,* 167 F.3d 1160, 1162 (7th Cir. 1999) (prison guard's "deliberate refusal" to provide pain medicine prescribed by prison physician put forth an Eighth Amendment claim).

Plaintiff, however, has failed to state a claim against Whiteside County Jail, Sheriff Kelly Willhelme, and Chief Tim Erickson. Section 1983 requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Here, Plaintiff fails to make any such allegations against Willhelme or Erickson. Thus, he has failed to state an individual capacity claim against them. Nor has Plaintiff pled an official capacity claim. Claims filed against government officers in their official capacity are actually claims against the government entity for which the officer works. *See Kentucky v. Graham*, 473

U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Services*, 436 U.S. 658, 692 (1978); *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000). Here, Plaintiff fails to allege facts that raise an inference that the denial of his constitutional rights was based on an unconstitutional policy or custom. In addition, Whiteside County Jail in particular is not a suable entity. *See Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993).

That said, courts may allow a case to proceed to discovery against high-level administrators where doing so may help Plaintiff identify the John Does personally involved in the alleged violation. *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Accordingly, Plaintiff may proceed against Defendant Willhelme nominally, for the sole purpose of identifying the John Doe Doctor. Once Plaintiff has obtained service on Defendant Willhelme, and an attorney has entered an appearance on his behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the Defendant who allegedly violated Plaintiff's constitutional rights. See Fed. R. Civ. P. 33. After Plaintiff learns Defendant's identity, he may ask leave to amend the complaint to add his name as a Defendant. Plaintiff should do this as soon as possible in light of the two-year statute of limitations and applicable tolling rules. *See Bryant v. City of Chicago* , 746 F.3d 239 (7th Cir. 2014).

Consequently, while Plaintiff may proceed against Defendant Willhelme, he may do so only in order to assist in identifying the John Doe Doctor. Defendants Whiteside County Jail and Erickson are dismissed.

The Court directs the Clerk to issue summonses for service of the complaint on Defendants Nurse Julie and Sheriff Willhelme. The Clerk of Court is directed to mail Plaintiff two blank USM-285 (U.S. Marshals service) forms. The Court advises Plaintiff that a completed USM-285 form is required for each named Defendant. The U.S. Marshal will not attempt service on a Defendant unless and until the required form is received. Plaintiff must therefore complete and return a service form for each Defendant, and failure to do so may result in the dismissal of the unserved Defendant, as well as dismissal of this case in its entirety for lack of prosecution.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any document he files in this Court to Defendants or to defense counsel if an attorney has entered an appearance on behalf of Defendants. Every document submitted by Plaintiff must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

The Court appoints the U.S. Marshals Service to serve Defendants. The Court directs the U.S. Marshal to make all reasonable efforts to serve Defendants. With respect to any former

employee of Whiteside County who can no longer be found at the work address provided by Plaintiff, Whiteside County officials must furnish the U.S. Marshal with the Defendant's last-known address. The U.S. Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the U.S. Marshal. Address information will not be maintained in the Court file nor disclosed by the U.S. Marshal, except as necessary to serve Defendants. The U.S. Marshal is authorized to send a request for waiver of service to Defendants in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

Date:   September 28, 2015                                  *[signature]*