**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Shawn Tompkins (R-45728), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15 C 50206 |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| | ) | |
| Whiteside County Jail, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Shawn Tompkins, a prisoner currently incarcerated at Taylorville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, claiming a denial of medical care when he was incarcerated at Whiteside County Jail. Before the Court is Defendants' motion for summary judgment. (Dkt 44.) Defendants contend that summary judgment is appropriate because Plaintiff failed to exhaust administrative remedies before filing this federal lawsuit. For the reasons discussed below, the Court denies Defendants' motion. A hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), may be scheduled to resolve disputed issues of fact.

**Procedural History**

After screening pursuant to 28 U.S.C. § 1915A, Plaintiff is proceeding on a claim for deliberate indifference to his medical needs against Defendant Nurse Julie and also against Sheriff Wilhelmi as a nominal defendant only for the purpose of identifying a John Doe Doctor (collectively hereafter "Defendants"). Defendants filed a motion to dismiss Plaintiff's complaint for failure to exhaust administrative remedies. (Dkt. 18.) This Court adopted the recommendation and report of the Magistrate Judge that (1) the motion to dismiss be converted

into a motion for summary judgment because evidence outside of the complaint had been introduced, and that (2) new briefing be ordered, but the requirements of Local Rule 56.1 be forgone. (Dkt. 36.) Subsequently, Plaintiff filed a response (Dkt. 38), and Defendants filed a reply (Dkt 39). After reviewing the briefing, however, this Court determined that given the particular nature of the exhaustion question in this case, which appeared to potentially raise disputed issue of facts that might require a hearing under *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), compliance with Local Rule 56.1 was necessary. (Dkt. 42.) Defendants were ordered to re-submit their summary judgment motion, along with a Local Rule 56.1 statement of facts, if they still wished to pursue their exhaustion defense. (Dkt. 42.) Defendants did so (Dkts. 44, 45, 46, and 49), and Plaintiff responded (Dkt. 53).

## Summary Judgment Standard of Review

### A. Federal Rule of Civil Procedure 56

Pursuant to Federal Rule of Civil Procedure 56(a), this Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." To establish that a material fact is undisputed, a party "must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Rule 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Rule 56(c)(3). Courts must "construe all facts and draw all reasonable inferences in favor of the nonmoving party." *Van den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Once the party moving for summary judgment demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go beyond the allegations of his complaint and "set forth specific facts showing that there is a genuine issue for trial." *Hannemann v. Southern Door County School Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). A genuine issue of material fact exists only if there is evidence "to permit a jury to return a verdict for" the nonmoving party. *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010); *Carroll*, 698 F.3d at 564 ("[m]ere metaphysical doubt" about material facts is not enough).

**B.     Northern District of Illinois Local Rule 56.1**

When addressing a motion for summary judgment, the Court derives the background facts from the parties' N.D. Ill. Local Rule 56.1 Statements and Responses, which assist the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Under Local Rule 56.1(a)(3), the moving party must provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). The statement must "consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." Local Rule 56.1(a).

The non-moving party must admit or deny each factual statement offered by the moving party and refer to any material facts that establish a genuine dispute for trial. *Schrott v.*

*Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005); Local Rule 56.1(b)(3)(B). The non-moving party may submit his own statements of facts, to which the moving party must similarly reply. Local Rule 56.1(b)(3)(C) & (a)(3). This Court may consider true a Rule 56.1 factual statement that is supported by the record and that is not properly addressed by the opposing party. Local Rule 56.1(b)(3)(C). The same rule applies for facts submitted by a non-moving party that are not contested or responded to by the moving party. Local Rule 56.1(a)(3)(C); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). A party's *pro se* status does not excuse him from complying with these rules. *Greer v. Bd. of Edu. of City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993).

In this case, Defendants filed a memorandum of law (Dkt. 46) and a Local Rule 56.1 Statement of Material Facts ("SOF") (Dkt. 45). The SOF consists of numbered paragraphs that cite to two affidavits from Jail administrator Lt. Erickson and to the Inmate Handbook, which although not attached to the SOF, are attached to the summary judgment motion (Dkt. 44). Each of Defendants' Local Rule 56.1 factual statements cite to parts of these exhibits. (Dkt. 45.) Defendants also submitted a copy of the Local Rule 56.2 Notice to Pro Se Litigants sent to Plaintiff, which sets out how Plaintiff was to respond to Defendants' summary judgment motion and Rule 56.1 Statement. (Dkt. 49.) Plaintiff submitted a response to Defendant's Local Rule 56.1 statement ("SOF Response"). (Dkt. 53.) In the SOF Response, Plaintiff separately admitted or denied each of Defendants' numbered statements of fact, and he supported his denials with citations to Defendants' exhibits and/or new exhibits of his own. (Dkt. 53.) Those exhibits are: his own affidavit, an affidavit from Jail inmate Cory Olalde, and an affidavit from Plaintiff's mother, April Robnett, and they are attached to the SOF Response. (*Id.*) Plaintiff did not submit

an additional Local Rule 56.1(b)(3)(C) statement of facts.

Thus, interpreting Plaintiff's filings generously consistent with his *pro se* status, the Court will consider the evidence submitted by Plaintiff, to the extent that he has identified it specifically in his filings or could properly testify himself about the matters asserted, along with the evidence properly submitted by Defendants. *Sistrunk v. Khan*, 931 F. Supp. 2d 849, 854 (N.D. Ill. 2013); Fed. R. Evid. 602. Accordingly, the Court will consider the exhibits that Plaintiff attached and referred to in his SOF Response, despite that Local Rule 56.1 provides that the non-movant should submit new evidence such as these materials as part of a Local Rule 56.1(b)(3)(C) statement of additional facts. (Defendants did not respond to Plaintiff's new evidence nor otherwise file a reply, despite that the Court's briefing schedule provided a date for doing so (Dkt. 52).)

Plaintiff did not submit a separate memorandum of law; however, he did submit a response memorandum (Dkt. 38) during the first round of briefing on Defendants' converted motion to dismiss. That memorandum was signed by Plaintiff and notarized. (*Id.*) Because Defendants' newly submitted summary judgment motion does not raise arguments that differ from those raised in its converted motion to dismiss, and given the wide latitude granted to *pro se* litigants in general, the Court will consider Plaintiff's arguments in his previously filed response memorandum and his sworn and notarized attestations. (Dkt. 38.) The Court will likewise consider Defendants' prior reply brief. (Dkt. 39.)

With the above stated review standards in mind, the Court now turns to the facts of this case.

## **Facts**

Relevant to this action, Plaintiff was incarcerated at Whiteside County Jail ("Jail") from February 4, 2014 through February 13, 2015. (SOF ¶ 1.) Defendant Julie Watkins is a medical

provider at the Jail. (SOF ¶ 3.) Plaintiff alleges that for a three-month period, Defendant Watkins and an unnamed doctor ignored his complaints of "pneumonia-like symptoms" and refused to treat him. (Dkt. 1, pg. 10-12.)

Lt. Tim Erickson, the Jail Administrator, testified that every inmate of the Jail, including Plaintiff, is provided an Inmate Handbook ("Handbook"). (SOF ¶¶ 6, 9.) He testified that the Handbook sets forth the Jail's grievance procedures. (SOF ¶ 9.) He specifically identified three sections of the Handbook. (SOF ¶¶ 11, 12, 15.) First, he pointed to the Introduction, which provides that any questions concerning the Handbook should be directed to him. (SOF ¶ 11.) Second, he noted the "Inmate Request" section, which sets forth the procedure for obtaining and completing "Inmate Request Forms". (SOF ¶ 12.) The Handbook explains that the forms can be obtained during medication times. (SOF ¶ 13.) Lt. Erickson testified that this is the process for making requests regarding medical care. (SOF ¶ 12.) Lastly, the third provision that Lt. Erickson testified regarding is the section of the handbook pertaining to "Daily Routines", where inmates are instructed that if they "have any complaints, please put them in writing, and forward them to the Lieutenant". (SOF ¶ 15.)

Plaintiff stated in his complaint that he did not file any grievances while incarcerated at the Jail because the Jail does not have a grievance process. (Dkt. 1, pg. 4.) Plaintiff testified that he never received an inmate handbook at any time while he was incarcerated at the Jail, and that he had not seen a copy of the handbook until lawyers sent him a copy during this litigation. (SOF Response ¶ 10 at Exhibit D.) Another inmate, Cory Olalde, testified that he too has never received a copy of the inmate handbook during any of his incarcerations at the Jail, his most recent being in September 2015. (SOF Response ¶ 10 at Exhibit B.) Plaintiff also testified that Jail

personnel: (1) told him multiple times that "there is no Grievance process" at the facility; (2) that Jail personnel told him that the "only" way he could get "relief" was to file a civil lawsuit; (3) that his several attempts to speak with Lt. Erickson were ignored; and (4) that he sent a letter to Lt. Erickson complaining about his medical care, but received no response. (Dkt. 38, pg. 1-2; SOF Response ¶ 17.) Plaintiff's mother also once spoke to Lt. Erickson via telephone and he explained to her the procedures for bringing medications into the Jail, but she was never able to get in contact with him after that conversation. (SOF Response ¶ 17 at Exhibit C.)

**Analysis**

Defendants move for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies before filing this federal lawsuit. The Prison Litigation Reform Act requires prisoners to exhaust administrative remedies before filing a federal action concerning prison conditions. 42 U.S.C. § 1997e(a). An inmate must take all steps required by the prison's grievance system to properly exhaust administrative remedies. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). Failure to exhaust administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The burden therefore is on the defendant to prove that the inmate failed to exhaust. *Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011). Where factual disputes exist concerning exhaustion, the district court must decide those issues through an evidentiary hearing. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

An inmate is required to exhaust only those administrative remedies that are available to him. 42 U.S.C. § 1997e(a). "Prison officials may not take unfair advantage of the exhaustion requirement ... and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from

exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) ("[t]he prison cannot shroud the prisoner in a veil of ignorance and then hide behind a failure to exhaust defense to avoid liability"). "Affirmative misconduct" that renders remedies unavailable includes jail authorities actively misleading an inmate regarding what procedures are available. *See Thomas v. Reese*, 787 F.3d 845, 847-48 (7th Cir. 2015); *Twitty v. McCoskey*, 226 F. App'x 594, 596 (7th Cir. 2007).

Here Defendants contend that summary judgment should be granted based on the combination of: (1) it is undisputed that Whiteside County Jail has a grievance system in the form of the procedures that Lt. Erickson identified in the Jail's Handbook; (2) it is undisputed that Plaintiff received the Handbook; and (3) yet Plaintiff admitted in his complaint that he did not grieve his complaints about his medical care that are raised in this lawsuit. Plaintiff argues that he did not receive a copy of the handbook, and that the Handbook provisions cited by Lt. Erickson are not a grievance process in any event. He also argues that his attempts to raise complaints about his medical care were ignored or thwarted.

As explained below, the Court finds that Defendants failed to carry their burden of showing that administrative remedies were available to Plaintiff, but he did not exhaust them.

As an initial matter, the Court finds that Plaintiff has plainly created a disputed issue of fact as to whether he received the Handbook based on his sworn statement that he never received a handbook at any time while incarcerated at the Jail, and the submitted sworn statements of an additional former inmate of the Jail attesting that he too never received a handbook. Defendants contend that this Court should disregard Plaintiff's sworn statement because it is "self-serving". Although Plaintiff's testimony may be characterized as self-serving, that does not bar the Court's

consideration. *Hill v. Tangherlini*, 724 F.3d 965, 967 (7th Cir. 2013) (finding that it was error for the district court to discredit plaintiff's testimony because it was "self-serving"); *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) ("a self-serving affidavit is an acceptable method for a non-moving party to present evidence of disputed material facts"). Whether Plaintiff received the Handbook is plainly in dispute.

But the Court concludes that it is ultimately not of consequence whether Plaintiff received the Handbook. The Court also need not determine whether, if Plaintiff did indeed receive it, he should fairly have understood that the Inmate Request and other procedures noted by Lt. Erickson were in actuality a grievance process – something which appears far from clear. Even assuming for the sake of argument that those procedure do constitute a grievance process, Plaintiff has raised a genuine dispute of fact as to whether "affirmative misconduct" by jail officials rendered those procedures "unavailable" to him. As set forth above, Plaintiff has attested that Jail personnel: (1) told him multiple times that "there is no Grievance process" at the facility; (2) that Jail personnel told him that the "only" way he could get "relief" was to file a civil lawsuit; (3) that his several attempts to speak with Lt. Erickson were ignored; and (4) that he sent a letter to Lt. Erickson complaining about his medical care but received no response. Defendants' Reply ignores numbers (1) through (3) entirely, and as to number (4), provides merely that Plaintiff has not produced a copy of the letter. Defendants did not produce evidence arguably tending to dispute that a letter was sent, such as an affidavit from Lt. Erickson denying that he received a letter from Plaintiff. Thus, all four of these statements by Plaintiff are undisputed at this time. Notably, such a letter described by Plaintiff appears to comport with the statement identified by Lt. Erickson in the Handbook that "[i]f you [the inmate] have any complaints, please put them in writing and

forward them to the Lieutenant".

The Seventh Circuit has repeatedly found that similar evidence of affirmatively misleading an inmate as to the availability of a grievance procedure and/or failing to respond to a submission that comports with the facility's procedure, renders administrative remedies "unavailable". *See Thomas*, 787 F.3d at 847–48 (remedies unavailable where correctional officer tells prisoner that prisoner cannot file grievance when in fact prisoner can do so); *Swisher v. Porter Cnty. Sheriff's Dep't*, 769 F.3d 553, 555 (7th Cir. 2014) (remedies unavailable where jail officer told inmate his complaint would be taken care of and not to worry about filing a grievance: "When jail personnel mislead inmates about how to invoke the procedure the inmates can't be blamed for failing to invoke it."); *Dole*, 438 F.3d at 809 (remedies unavailable where prison officials "do not respond to a properly filed grievance"); *cf. Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016) (remedies unavailable where prison personnel prevented prisoner access to grievance forms); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) (same). Based on the similar uncontradicted evidence here of misleading and refusing to respond to Plaintiff, he has create a question of fact as to whether a grievance process was available to him at the Jail.

Summary judgment based on failure to exhaust administrative remedies is therefore denied.

## Conclusion

For the reasons set forth in the accompanying Memorandum Opinion and Order, Defendant's summary judgment motion [44] is denied. At the next status hearing, Defendants should be prepared to notify the Court whether they wish to pursue an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), regarding the issues identified in the Court's Order.

Date: July 26, 2017