# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| Shawn Tompkins (R-45728), | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 15 C 50206 |
| v. | ) | |
| | ) | Magistrate Judge Iain D. Johnston |
| Whiteside County Jail, et al., | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's motion for attorney representation [65] is denied without prejudice. Plaintiff's motion to subpoena witnesses [64] is also denied.

## STATEMENT

On July 26, 2017, the District Court denied Defendant's motion for summary judgment, finding that genuine issues of material fact existed as to whether Plaintiff exhausted his administrative remedies. A *Pavey* hearing is currently scheduled for October 23, 2017. On September 21, 2017, the Court denied Plaintiff's previous motion for attorney representation, explaining that Plaintiff's submissions to date, including those opposing summary judgment, demonstrate that he is competent to effectively participate in a *Pavey* hearing. The Court explained that the exhaustion issue here is not particularly complex and notably, as evidenced by the summary judgment briefing, Plaintiff's own testimony comprises the bulk of the pertinent evidence. Currently before the Court are Plaintiff's renewed motion for attorney representation and a motion to subpoena witnesses.

Plaintiff's renewed motion for attorney representation is denied. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). The Court, however, has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In deciding whether to recruit counsel, the Court engages in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). This analysis does not focus solely on the plaintiff's ability to try the case, but on his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff now contends that recruitment of counsel is warranted because he wants to submit interrogatories to another inmate, Corey Olalde, but IDOC policy forbids such communication

between inmates. He therefore says he requires counsel to conduct the discovery. As an initial matter, Plaintiff does not appear to know whether Mr. Olalde is still at Whiteside County Jail or even still incarcerated at all. (Dkt. No. 64, ¶ 6.) In any event, Plaintiff did not describe the questions he seeks to ask Mr. Olalde, nor explain the relevance of his potential answers. However, in opposition to summary judgment, Plaintiff submitted an affidavit from Mr. Olalde in which Olalde attested that, like Plaintiff, he never received a copy of an inmate handbook while at Whiteside County Jail. Plaintiff has not demonstrated that Mr. Olalde's interrogatory responses will supply evidence above and beyond his affidavit, which is already part of the Court record. Recruiting counsel solely to conduct the discovery identified by Plaintiff is therefore not warranted. As Plaintiff raises no additional new ground meriting recruitment of counsel, the motion is denied.

Plaintiff's motion to subpoena witnesses is also denied. Plaintiff asks the Court to subpoena both his mother, April Robnett, and inmate Olalde to testify at the *Pavey* hearing. He does not describe the nature of their foreseen testimony, and although he states it is "relevant", he does not explain how so. Regarding Ms. Robnett, the Court has previously explained to Plaintiff in denying his earlier motion to subpoena her cellphone records that her conversations with Jail personnel are not relevant to the exhaustion issue, but rather go to the eventual merits of the case. The exhaustion issue must first be resolved at the *Pavey* hearing before the Court can address Plaintiff's allegations about the denial of medical care. As to Mr. Olalde, his testimony too is not relevant – Plaintiff's receipt of the handbook, not Mr. Oladle's, is at issue. Plaintiff's own forthcoming testimony, if credited, is sufficient to establish Plaintiff's non-receipt of the inmate handbook. To the extent Plaintiff seeks to subpoena Mr. Olalde solely for the purpose of bolstering Plaintiff's credibility, Mr. Olalde's affidavit suffices for that purpose. The motion to subpoena witnesses is denied.

Date: October 6, 2017          By: _____
                                    Iain D. Johnston
                                    United States Magistrate Judge